## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS RAY GURULE,<br><br>             Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br><br>Civil No. 2:16-cv-00625-DN<br>(Criminal No. 2:04-cr-00209-DN-1)<br><br>District Judge David Nuffer |

Petitioner Thomas Ray Gurule seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] He argues[2] his sentence is unconstitutional in light of the Supreme Court's holding in *Johnson v. United States*.[3] He also argues his § 2255 Motion is timely[4] because it was filed within one year of the newly recognized right in *Johnson*. However, *Johnson* did not create a new right applicable to Mr. Gurule or his sentence. So, because Mr. Gurule filed his § 2255 Motion more than one year after his judgment of conviction became final, his § 2255 Motion is untimely and his § 2255 Motion[5] is DENIED and DISMISSED.

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed June 10, 2016.

[2] Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Memorandum") at 3-9, docket no. 2, filed June 10, 2016.

[3] 135 S.Ct. 2551 (2015).

[4] Memorandum at 10.

[5] Docket no. 1, filed June 10, 2016.

# BACKGROUND

On April 7, 2004, Mr. Gurule was indicted on one count of carjacking under 18 U.S.C. § 2119.[6] Mr. Gurule pleaded not guilty and his case proceeded to trial.[7] On June 29, 2004, a jury returned a guilty verdict.[8] Mr. Gurule was then sentenced on December 17, 2004.[9] He received a mandatory life sentence under 18 U.S.C. § 3559(c)(1),[10] "also known as the federal 'three strikes' statute[.]"[11] This was based on Mr. Gurule's two prior Utah state court convictions for robbery,[12] which were found to be "serious violent felon[ies.]" under the three strikes statute.[13]

Mr. Gurule appealed his conviction and sentence,[14] and the Tenth Circuit Court of Appeals affirmed.[15] A final judgment of conviction was filed October 2, 2006.[16]

Subsequently, on June 10, 2016, Mr. Gurule filed a § 2255 Motion[17] seeking to vacate, set aside, or correct his sentence. Mr. Gurule argues that his right to due process was violated because he was sentenced under the three strikes statute's residual clause, which is unconstitutionally vague.[18]

---

[6] Indictment, ECF no. 1 in case no. 2:04-cr-00209-DN-1 ("Criminal Case"), filed April 7, 2004.

[7] Minutes of the United States District Court for the District of Utah, ECF no. 6 in Criminal Case, filed Apr. 19, 2004; Minutes of the United States District court for the District of Utah, ECF no. 23 in Criminal Case, filed June 28, 2004.

[8] Verdict, ECF no. 24 in Criminal Case, filed June 29, 2004.

[9] Thomas Ray Gurule Minutes of the United States District Court for the District of Utah, ECF no. 46 in Criminal Case, filed Dec. 17, 2004.

[10] *Id.*; Judgment in a Criminal Case, ECF no. 48 in Criminal Case, filed Dec. 17, 2004.

[11] *United States v. Contreras*, 689 Fed. App'x 886, 887 (10th Cir. 2017).

[12] Memorandum at 1; Response at 3 (citing *State v. Gurule*, Case # 9194-3 (2d Jud. Dist. Crt. Weber Cty. UT 1969); *State v. Gurule*, Case # CR-88-997 (3d Jud. Dist. Crt. Salt Lake Cty. UT 1988)).

[13] *United States v. Gurule*, 461 F.3d 1238, 1240 (10th Cir. 2006).

[14] Notice of Appeal, ECF no. 49 in Criminal Case, filed Dec. 22, 2004.

[15] *Gurule*, 461 F.3d 1238.

[16] Judgment, ECF no. 62 in Criminal Case, filed Oct. 2, 2006.

[17] Docket no. 1, filed June 10, 2016.

[18] Memorandum at 3-9.

## DISCUSSION

For all motions brought under 28 U.S.C. § 2255, "[u]nless the motion and files and records of the case conclusively show that the [movant] is entitled to no relief," notice of the motion must be provided to the government and a hearing must be held.[19] However, "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [examining] judge must dismiss the motion and direct the clerk to notify the moving party."[20]

Under § 2255, a prisoner held in federal custody may move the court to vacate, set aside, or correct the prisoner's sentence "upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or is otherwise subject to collateral attack[.]"[21] But before the merits of a prisoner's claim may be addressed, the prisoner "must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act [("AEDPA")]."[22] "The first of these barriers is timeliness."[23]

"Pursuant to AEDPA, post-conviction motions for habeas relief filed under § 2255 must be brought within one year of the date on which 'the judgment of conviction becomes final' or 'the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review.'"[24]

---

[19] 28 U.S.C. § 2255(b).

[20] Rules Governing Section 2255 Proceedings Rule 4(b).

[21] 28 U.S.C. § 2255(a).

[22] *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018).

[23] *Id*.

[24] *Id*. (quoting 28 U.S.C. § 2255(f)(1), (3)).

As noted above, Mr. Gurule argues that his § 2255 Motion is timely[25] because it was filed within one year of the newly recognized right in *Johnson v. United States*.[26] In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process."[27] This was because the residual clause of the ACCA's definition of "violent felony"[28] is unconstitutionally vague—"the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[29] The Supreme Court subsequently determined in *Welch v. United States* that *Johnson*'s holding applies retroactively to cases on collateral review.[30]

However, in *United States v. Greer*, the Tenth Circuit Court of Appeals held that "the only right recognized by the Supreme court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA."[31] Prisoners sentenced under other similarly worded statutes, though "present[ing] a compelling argument for finding the [statutes] unconstitutional," do not fall within the new right recognized in *Johnson*.[32]

For such prisoners "attempting to apply the *reasoning* of *Johnson* in a different context not considered by the [Supreme] Court . . . relief is not available on [§ 2255] collateral review."[33] This is because "[o]nly the Supreme Court can recognize a new constitutional

---

[25] Memorandum at 10.

[26] 135 S.Ct. 2551.

[27] *Id*. at 2563.

[28] 18 U.S.C. § 924(e)(2)(B)(ii).

[29] *Johnson*, 135 S.Ct. at 2557.

[30] 136 S.Ct. 1257, 1268 (2017).

[31] 881 F.3d 1241, 1248 (10th Cir. 2018).

[32] *Id*. at 1247.

[33] *Id*. at 1248 (emphasis in original).

right."[34] "While circuit courts can apply the *reasoning* of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal . . . AEDPA limits federal habeas relief to new constitutional rights recognized by the *Supreme Court*."[35]

The Tenth Circuit's precedent in *Greer* is binding in this case. Mr. Gurule was sentenced under the federal three strikes statute, not the ACCA. Therefore, *Johnson* is inapplicable for purposes of establishing the timeliness of Mr. Gurule's § 2255 Motion.

Because the Supreme Court has not recognized a new constitutional right applicable to Mr. Gurule, the limitations period for his § 2255 Motion accrued one year after the date his judgment of conviction became final.[36] This occurred October 3, 2007.[37] Consequently, Mr. Gurule's June 10, 2016 filing of his § 2255 Motion[38] was untimely.

---

[34] *Id*. at 1247 (citing *Dodd v. United States*, 545 U.S. 353, 357-59 (2005)).

[35] *Id*. (emphasis in original).

[36] 28 U.S.C. § 2255(f)(1).

[37] Judgment, ECF no. 62 in Criminal Case.

[38] Docket no. 1, filed June 10, 2016.

## ORDER

IT IS HEREBY ORDERED that Mr. Gurule's § 2255 Motion[39] is DENIED and
DISMISSED with prejudice. This dismissal does not preclude Mr. Gurule from seeking future
relief under § 2255 upon the Supreme Court's recognition of a new right that is applicable to
him.[40]

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 11(a) of the Rules
Governing Section 2255 Proceedings, Mr. Gurule is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed July 10, 2018.

BY THE COURT

District Judge David Nuffer

---

[39] *Id*.

[40] 28 U.S.C. § 2255(f)(3).